# EXHIBIT 1

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| LA MOJARRA LOCA, INC., <br><br> Applicant, <br><br> v. <br><br> WELLS FARGO MERCHANT SERVICES LLC; WELLS FARGO BANK, N.A.; WELLS FARGO & CO.; FIRST DATA MERCHANT SERVICES CORPORATION, DOES I-X INDIVIDUALLY; ROE CORPORATIONS I-X. <br><br> Adverse Party. | CASE NO.: A-19-790984-C <br> DEPT. NO. 24 <br><br><br> **SUMMONS** |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE ADVERSE PARTIES: WELLS FARGO MERCHANT SERVICES LLC; WELLS FARGO BANK, N.A.; WELLS FARGO & CO.; FIRST DATA MERCHANT SERVICES CORPORATION, DOES I-X INDIVIDUALLY; ROE CORPORATIONS I-X**

A civil Complaint has been filed by the Applicant against you for the relief set forth in the Complaint.

    1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
        a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
        b. Serve a copy of your response upon the attorney whose name and address is shown below.

    2. Unless you respond, your default will be entered upon application of the Applicant and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:

_____ 6747
DANIEL W. ANDERSON, ESQ.
Nevada Bar No. 9955
703 S. Eighth Street
Las Vegas, Nevada 89101
(702) 386-0030
Attorney for Applicant

STEVEN D. GRIERSON
CLERK OF COURT
By: _____  3/28/2019
DEPUTY CLERK          Date:
County Courthouse
200 South Third Street
Las Vegas, Nevada 89155

NOTE: When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure, Rule 4(b).

Electronically Filed
3/12/2019 2:51 PM
Steven D. Grierson
CLERK OF THE COURT

DANIEL W. ANDERSON, ESQ.
Nevada Bar No. 9955
MILLS & ANDERSON
703 S. 8TH Street
Las Vegas, Nevada 89101
(702) 386-0030
Attorneys for Plaintiff
attorneys@millsnv.com

CASE NO: A-19-790984-C
Department 24

DISTRICT COURT

CLARK COUNTY, NEVADA

LA MOJARRA LOCA, INC.

    Plaintiff,

v.

WELLS FARGO MERCHANT SERVICES LLC; WELLS FARGO BANK, N.A.; WELLS FARGO & CO.; FIRST DATA MERCHANT SERVICES CORPORATION, DOES I-X INDIVIDUALLY; ROE CORPORATIONS I-X.

    Defendant.

CASE NO.:
DEPT. NO.:

**Exempt from Arbitration: Amount in Controversy Exceeds $50,000**

## COMPLAINT

COMES NOW, the Plaintiff, LA MOJARRA LOCA, INC, ("LML") by and through its counsel of record, DANIEL W. ANDERSON, ESQ., of the law offices of MILLS & ANDERSON and hereby complains and alleges against above named Defendants as follows:

### GENERAL ALLEGATIONS

1. Plaintiff at all times relevant hereto was and is a Nevada Corporation, organized and operating under the laws of the state of Nevada;

2. Plaintiff brings this action against Defendants Wells Fargo & Co., Wells Fargo Bank, N.A., and Wells Fargo Merchant Services, LLC ("Wells Fargo") for their breach of contract and unjust enrichment.

3. Defendant Wells Fargo Merchant Services, LLC is a Delaware limited liability company that is co-owned by Wells Fargo Bank, N.A. and First Data Merchant Services Corporation, which is a wholly-owned subsidiary of First Data Corporation.

4. Defendant Wells Fargo Bank, N.A. is a subsidiary of Wells Fargo & Co. Wells Fargo Bank, N.A. is engaged in business providing banking services to customers and businesses including, LML. Wells Fargo Bank, N.A. operates banking centers, and thus conducts business, throughout the State of Nevada and the United States.

5. Defendant Wells Fargo & Co. is the parent of all Wells Fargo entities. Wells Fargo & Co. is a financial services company providing banking, insurance, investments, and consumer finance to individuals, businesses, and institution in all 50 states and internationally. Wells Fargo & Co. is headquartered in San Francisco, California.

6. The true names of DOES I through X, their citizenship and capacities, whether individual, corporate associate, partnership or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that each of the Defendants, designated as DOES I through X, are or may be legally responsible for the events referred to in this action, and caused damages to the Plaintiff. DOES I through X are also any other person or entity legally responsible for the damages caused to Plaintiff. Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

7. That the true names and capacities, whether corporate, partnership, associate or otherwise, of Defendants, ROE Entities, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of

the Defendants designated herein as ROE entities are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through X and ROE Entities I through X, when the same have been ascertained, and to join such Defendants in this action.

8. Defendants and LML entered into a standard form Agreement for Defendants to provide the Merchant services to LML.

9. On July or August of 2018, LML restaurant owner Jesus F. Vazquez ("Vazquez") noticed that money from debit and credit card transactions at his restaurant were not being deposited. Vazquez realized that he is missing money from approximately April 2017 through July 2018 totaling over $620,000.00.

10. During that time, LML had a small business merchant account with Defendants.

11. Paragraph 3.1 of the Agreement provided the following obligation from Defendants:

> We will only be required to settle Card transactions for Card types specified in your Application. Promptly after presentment of Sales Drafts pursuant to the Operating Procedures, we will initiate a transfer of applicable settlement funds to you.

12. Paragraph 13.2 of the Agreement states:

> We agree to indemnify and hold you harmless from and against all losses, liabilities, damages and expenses resulting from any breach of any warranty, covenant or agreement or any misrepresentation by us under this Agreement or arising out of our or our employee's gross negligence or willful misconduct in connection with this Agreement; provided that this indemnity obligation shall not apply to Bank with respect to Non-Bank Services.

13. Defendants breached their obligation to LML under paragraphs 3.1 and 13.2 of the Agreement. For 15 months, approximately April 2017 through July 2018, debit and credit

card transactions showed as "settled" on the credit card processing machine, but no money was deposited to LML's account.

14. Despite several attempts to resolve the discrepancy, Defendants have not responded. LML has no choice but to file suit against Defendants as more fully set forth herein.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

15. LML hereby incorporates by reference paragraphs 1-18 as though fully set forth herein.

16. The Agreement between LML and Defendants is a valid and enforceable contract.

17. LML and Defendants entered into a valid contract for a merchant account as embodied in the standard form Agreement (which includes the Wells Fargo Merchant Processing Application, the Merchant Services Program Guide).

18. LML has performed all of the obligations pursuant to their Agreement with Defendants.

19. In the Agreement, Defendants were to provide debit and credit card transaction services to facilitate payments from LML customers to LML. In turn, Defendants would charge LML fees for the processing service.

20. In the contract, Defendants agreed to transfer applicable settlement funds to LML for settled card transactions upon the receipt of sales drafts.

21. For 15 months, Defendants failed to transfer the settlement funds to LML from the debit and credit card transaction made to LML despite the transactions showing as "settled," thereby breaching its duty to LML.

22. Defendants' breach of contract has damaged LML in the form of revenue it is missing for services provided to restaurant customers between April 2017 and July 2018.

23. LML is entitled to recover damages resulting from Defendants' failure to transfer the settled funds to LML.

24. LML has been forced to retain an attorney in order to prosecute this action due to Wells Fargo's breach of contract and should therefore be awarded attorney's fees and costs.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

25. LML hereby incorporates by reference paragraphs 1-26 as though fully set forth herein.

26. By not transferring the settled funds from credit card and debit transactions to LML, Defendants has effectively unjustly retained the benefit of said funds to the loss of LML.

27. Defendants have accepted and retained the benefit without payment of value to LML for the same.

28. LML through its own efforts and at its own costs, provided services to customers at the restaurant during the months of April 2017 through July 2018. The missing revenue from these services to LML was in excess of $620,000.00.

29. LML should therefore be reimbursed its missing revenue from the credit card and debit transactions that were displayed as "settled" on the credit card processing machine.

30. LML has been forced to retain an attorney in order to prosecute this action due to Wells Fargo's unjust enrichment and should therefore be awarded its attorney's fees and costs.

WHEREFORE, based on the above and foregoing, Plaintiff respectfully requests the following:

1. A Judgment of the Court in favor of the Plaintiff damages in an amount to be determined at trial.

2. For attorney's fees and costs associated with this action.

3. For such other and further relief as this Court deems appropriate in the premises.

RESPECTFULLY SUBMITTED this 12 day of March 2019.

                                              MILES & ANDERSON

                                              DANIEL W. ANDERSON, ESQ.
                                              Nevada Bar No. 9955
                                              703 South 8th Street
                                              Las Vegas, Nevada 89101
                                              (702) 386-0030
                                              Attorneys for Plaintiff