UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LA MOJARRA LOCA, INC., | Case No. 2:19-CV-725 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| WELLS FARGO MERCHANT SERVICES LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants First Data Merchant Services Corporation; Wells Fargo & Co.; Wells Fargo Bank, N.A.; and Wells Fargo Merchant Services LLC's motion to dismiss or alternatively transfer venue. (ECF No. 3).[1] Plaintiff La Mojarra Loca, Inc. ("plaintiff") filed a response (ECF No. 11), to which defendants replied (ECF No. 14).

**I.      Background**

The instant action arises from a contractual dispute between the parties. Plaintiff and two defendants—Wells Fargo Bank, N.A. and Wells Fargo Merchant Services LLC—entered into a standard form agreement whereby the two defendants would perform merchant services for plaintiff's restaurant. (ECF No. 1-1 at 6). The two defendants "were to provide debit and credit card transaction services to facilitate payments from [plaintiff's] customers to [plaintiff]. In turn, [d]efendants would charge [plaintiff] fees for its processing service." *Id.* Plaintiff is suing defendants for breach of contract and unjust enrichment, alleging that defendants failed to transfer $620,000 from debit and credit card transactions to its bank account. *Id.*

---

[1] The pagination of defendants' motion does not match the pagination assigned by the CM/ECF system. The court will refer to the pagination assigned by the CM/ECF system.

**James C. Mahan**
**U.S. District Judge**

The agreement contained two provisions relevant to the resolution of the instant motion. First, the agreement provided that, "[i]f [plaintiff] believe[d] any adjustments should be made with respect to [its] [s]ettlement [a]ccount, [it] must notify [defendants] in writing within 45 days after any debit or credit is or should have been effected." (ECF No. 3-3 at 19). The agreement also contained a cap on defendants' liability as follows:

> NOTWITHSTANDING ANYTHING IN THIS AGREEMENT TO THE CONTRARY . . . [DEFENDANTS'] CUMULATIVE LIABILITY FOR ALL LOSSES, CLAIMS, SUITS, CONTROVERSIES, BREACHES OR DAMAGES FOR ANY CAUSE WHATSOEVER (INCLUDING, BUT NOT LIMITED TO, THOSE ARISING OUT OF OR RELATED TO THIS AGREEMENT) AND REGARDLESS OF THE FORM OF ACTION OR LEGAL THEORY SHALL NOT EXCEED, (I) $50,000; OR (II) THE AMOUNT OF FEES RECEIVED BY [DEFENDANTS] PURSUANT TO THE AGREEMENT FOR SERVICES PERFORMED IN THE IMMEDIATELY PRECEDING 12 MONTHS, WHICHEVER IS LESS.

*Id.* at 20.

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of

truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, plaintiff does not dispute several facets of defendants' motion to dismiss. "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Defendants correctly note that LR 7-2(d) applies when a party fails to address a portion of the moving party's motion. (ECF No. 14 at 9 (citing *Moore v. Ditech Fin., LLC*, No. 2:16-CV-1602-APG-GWF, 2017 WL 2464437, at *2 (D. Nev. June 7, 2017), *aff'd*, 710 F. App'x 312 (9th Cir. 2018)).

Plaintiff does not dispute defendants' argument that Wells Fargo & Co. and First Data Merchant Services Corporation should be dismissed as defendants. (*See generally* ECF No. 11).

1  Plaintiff tacitly concedes that its unjust enrichment claim should be dismissed. I*d.* Finally,
2  plaintiff does not address defendants' alternative request to transfer the instant action to the
3  United States District Court for the Eastern District of New York in accordance with the choice-
4  of-venue provision in the parties' agreement. *Id.*; (*see also* ECF No. 3-3 at 30).

Accordingly, the court grants plaintiff's motion as to those arguments, dismisses the unjust enrichment claim against all defendants, and dismisses Wells Fargo & Co. and First Data Merchant Services Corporation. Before transferring this action, the court must determine whether there is an action to transfer. Thus, the court considers plaintiff's breach of contract claim against the remaining defendants, Wells Fargo Merchant Services, LLC, and Wells Fargo Bank, N.A.

Defendants move to dismiss plaintiff's breach of contract claim, arguing that plaintiff failed to perform in accordance with the contract. (ECF No. 3 at 8–9). Defendants argue—and plaintiff does not dispute—that plaintiff was required "to notify [defendants] of any dispute related to any lack of funding or necessary adjustment 'within 45 days after any debit or credit is or should have been effected.'"[2] *Id.* at 9 (quoting ECF No. 3-3 at 19)). Defendants also argue that a provision in the parties' contract limits their liability to $50,000. *Id.* at 7, 9.

In response, plaintiff contends that the 45-day notice requirement and the $50,000 liability cap are procedurally and substantively unconscionable. (ECF No. 11 at 7–12). Plaintiff argues that the court should not dismiss the breach of contract claim for its failure to comply with unconscionable provisions of the agreement. *Id.*

The parties' agreement includes a choice-of-law clause that requires the court to apply New York law. (ECF Nos. 3 at 7; 3-3 at 30). Under New York law, the court determines the unconscionability of a contract or clause as a matter of law. *Master Lease Corp. v. Manhattan Limousine, Ltd.*, 177 A.D.2d 85, 87, 580 N.Y.S.2d 952 (1992) (citing *State v. Wolowitz*, 96 A.D.2d 47, 69, 468 N.Y.S.2d 131 (1983)) (emphasis added).

---

[2] Defendant further argues that "to the extent [p]laintiff's claims survive a motion to dismiss . . . this [c]ourt should dismiss with prejudice any and all damages [p]laintiff seeks recovery for that were raised outside of compliance with the forty-five day notice requirement." (ECF No. 3 at 9).

**James C. Mahan**
**U.S. District Judge**

- 4 -

> Where there is doubt . . . as to whether a contract is fraught with elements of unconscionability, there **must be a hearing where the parties have an opportunity to present evidence** with regard to the circumstances of the signing of the contract, and the disputed terms' setting, purpose and effect.

*Simar Holding Corp. v. GSC*, 87 A.D.3d 688, 690, 928 N.Y.S.2d 592 (2011) (internal quotation marks, ellipses, and citations omitted); *see also Master Lease Corp.*, 177 A.D.2d at 87.

Defendants argue that plaintiff failed to plead any facts in its complaint that allow the court to conclude that the provisions of the contract are unconscionable. (ECF No. 14 at 2–3). By defendants' estimation, plaintiff's unconscionability argument necessarily means that it is improperly relying on information not in its complaint to survive a motion to dismiss. *Id.*

However, plaintiff is not seeking declaratory relief holding those provisions of the contract unconscionable. Plaintiff is not seeking recession of the contract. Plaintiff alleges unconscionability only insofar as it is a defense to its nonperformance of the notice provision of the agreement. (*See* ECF No. 11). Thus, the court finds that plaintiff is not impermissibly relying on information not in its complaint to survive the instant motion to dismiss.

But defendants correctly note that there is little information before the court. (ECF No. 11 at 2). As a result, the court would ordinarily be obligated to hold a hearing where the parties have an opportunity to present evidence in support or refutation of unconscionability. *Simar Holding Corp.*, 87 A.D.3d at 690; *Master Lease Corp.*, 177 A.D.2d at 87.

Consequently, the court denies defendants' motion to dismiss as it pertains to the breach of contract claim. Because plaintiff conceded the choice-of-venue clause is controlling in this case, the court grants plaintiff's motion to transfer venue.

**IV.** **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss or alternatively transfer venue (ECF No. 3) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

1     IT IS FURTHER ORDERED that the matter of *La Mojarra Loca, Inc. v. Wells Fargo Merchant Services LLC et al.*, case number 2:19-cv-00725-JCM-DJA, be, and the same hereby is, TRANFERRED to the United States District Court for the Eastern District of New York.

DATED December 3, 2019.

                                                                                         */s/ James C. Mahan*
                                                                    UNITED STATES DISTRICT JUDGE